UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SABINO QUAIR III,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR-HQ, et al.,<br>　　　　　　Defendants. | Case Nos. 5:19-01397 PSG (ADS); 5:19-01651 PSG (ADS); 2:19-10491 PSG (ADS); 2:20-00473 PSG (ADS); 2:20-00532 PSG (ADS)<br><br>**ORDER DISMISSING CASES AS DUPLICATIVE** |

Before the Court are five civil rights cases filed by pro se plaintiff, David S. Quair III ("Plaintiff"), an inmate currently residing at California Men's Colony – East. Plaintiff previously filed nineteen similar civil rights cases in this District, which were ordered consolidated on July 11, 2019 (collectively referred to as the "Consolidated Cases"). [5:18-02595 PSG (ADS) [Dkt. No. 18] ("Order Consolidating Cases")]. Plaintiff also filed in this District four habeas petitions which were denied for failure to state a cognizable claim for habeas relief. A review of PACER reveals Plaintiff has filed in other Districts numerous similar cases, which have been summarily dismissed.

In the Consolidated Cases, Plaintiff was ordered to file one consolidated

complaint, and ordered to file nothing more. Instead of filing a consolidated complaint, Plaintiff filed these five cases[1] which are substantially identical and duplicative of the Consolidated Cases.

A federal court has the "inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). Federal courts also have an interest in avoiding "duplicative litigation" based upon the principles of wise use and conservation of judicial resources. Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (discussion in the context of duplicative federal and state proceedings). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. Cal. Dep't of Health Serv., 487 F.3d 684, 688 (9th Cir. 2007) (overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008)) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)). Therefore, a district court may exercise its discretion to control its docket by dismissing a duplicative, later-filed action. Adams, 487 F.3d at 688; see also Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) ("[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit"). In

---

[1] Cases 20-0473 PSG (ADS) and 20-0532 PSG (ADS) were originally filed in the Northern District of California and transferred to this District because all allegations presented are regarding prison conditions at California Men's Colony, where Plaintiff is currently incarcerated, which is located in the Central District of California. Plaintiff has filed a request to proceed *in forma pauperis* in each of the three actions, but the application is incomplete for 19-10491 PSG (ADS), 20-0473 PSG (ADS), and 20-0532 PSG (ADS). The Court has not ruled on any of the five requests but notes the obligation to screen the cases pursuant to 28 U.S.C. § 1915A(a)-(b)(1).

assessing whether actions are duplicative, the court examines, among other things, whether the causes of action, alleged events, relief sought, as well as the parties or privies to the action are the same. Adams, 487 F.3d at 688-89.

The Court also has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order. See Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002) (upholding trial court's dismissal of petitioner's claim for failure to prosecute and failure to comply with a court order). The Court weighs the following factors when determining whether to dismiss an action for failure to comply with a court order: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Pagtalunan, 291 F.3d at 642.

**The Cases are Duplicative**

The five present cases are duplicative of the nineteen Consolidated Cases. First, of the thirty listed defendants in these five complaints, all were either listed as a defendant by name or included within an organizational defendant in one of the consolidated actions. For example, defendant Dr. Tran of the California Correctional Health Care Services is listed by name as a defendant on one of the five present cases, 19-1651 PSG (ADS), and in three of the Consolidated Cases, 19-0022 PSG (ADS); 19-0776 PSG (ADS); 19-0783 PSG (ADS). Similarly, defendant California Correctional Health Care Services is listed as a defendant on one of the five present actions, 19-1651 PSG (ADS), and in three of the Consolidated Cases, 19-0768 PSG (ADS); 19-0776 PSG (ADS); 19-0783 PSG (ADS).

Second, each of the five present cases include substantially all of the factual allegations and claims asserted across the nineteen Consolidated Cases. Most commonly, Plaintiff alleges due process violations for impeding access to the courts, obstruction of legal mail, and medical negligence and malpractice for the incorrect dosage or denial of medication. Plaintiff alleges each of these claims in the five present cases, and each of these claims is asserted numerous times across the nineteen Consolidated Cases.

Third, Plaintiff attaches hundreds of pages of documents to his complaints, often attaching the same combination of documents to separate complaints. Considering all of these factors, the Court finds the five present cases are duplicative cases.

**<u>Failure to Comply with Court Orders</u>**

Weighing the factors for failure to comply with a court order also supports summary dismissal of the five present cases. See Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002). Plaintiff was ordered to file a Consolidated Complaint. 5:18-02595 PSG (ADS) [Dkt. No. 18]. The filing of these five duplicative cases negatively affects both the expeditious resolution of litigation and the Court's need to manage its docket efficiently. The public policy favoring disposition of cases on the merits is not furthered by allowing five additional duplicative complaints to proceed. There is no risk of prejudice to the parties if these duplicative complaints are dismissed, and dismissal without prejudice is the most efficient way to address the problem of a duplicative complaint. Having weighed these factors and given the Court's interest in controlling its docket and avoiding duplicative litigation, the Court finds that dismissal of these five cases without prejudice is warranted.

///

Case numbers 5:19-01397 PSG (ADS); 5:19-01651 PSG (ADS); 2:19-10491 PSG (ADS); 20:20-0473 PSG (ADS); 2:20-0532 PSG (ADS) are hereby DISMISSED without prejudice as duplicative. All pending *in forma pauperis* applications or other motions are DENIED.

**IT IS SO ORDERED.**

Dated: January 29, 2020

_____
THE HONORABLE PHILIP S. GUTIERREZ
United States District Judge

Presented by:

     /s/ Autumn D. Spaeth     
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge